**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action |
| v. | ) No. 26-10995-IT |
| | ) |
| LAZ PARKING GARAGE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

June 8, 2026

TALWANI, J.

Plaintiff, proceeding *pro se* and anonymously, initiated this action by filing a Complaint [Doc. No. 1], a Motion for Leave to Proceed *in forma pauperis* [Doc. No. 2], and a Motion to Seal [Doc. No. 3]. Plaintiff's true name does not appear on any of the pleadings. Id. Although Plaintiff provides a street address in Lawrence, Massachusetts, she states on each pleading that she has no fixed address. Id.[1]

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." Courts have, however, permitted parties to proceed under a pseudonym or anonymously in limited circumstances. Because the public has a "presumptive" right of access to judicial documents, United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013)

---

[1] The court's records reveal another recently filed case that appears to have been filed by the same Plaintiff, also seeking to proceeding anonymously and using the same address. See Doe v. MBTA, et al., No. 26-cv-10217-IT (dismissed June 1, 2026). That action was dismissed after the court's order was returned as undeliverable to the address provided by Plaintiff. This court's local rules require a *pro se* litigant to inform the clerk of any change of address within 14 days of the change. See District of Massachusetts Local Rule 83.5.5(h).

(citing <u>Siedle v. Putnam Invs., Inc.</u>, 147 F.3d 7, 10 (1st Cir. 1998)), "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" <u>Id.</u> (quoting <u>In re Providence Journal Co.</u>, 293 F.3d 1, 10 (1st Cir. 2002)).

In support of her request to have this action filed under seal, Plaintiff states that she "is experiencing retaliation by several unknown actors, and is concerned about the effects of the release of this sensitive information." Doc. No. 3 at 1. She further references "the continuing nature of the conduct and its gravity." <u>Id.</u> However, this conclusory statement, without more, is insufficient to overcome the presumption in favor of disclosure.

Accordingly, it is hereby ORDERED that:

1.    The <u>Motion to Seal</u> [Doc. No. 3] is DENIED.

2.    The <u>Motion for Leave to Proceed *in forma pauperis*</u> [Doc. No. 2] is DENIED without prejudice.

3.    The <u>Complaint</u> [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.

4.    If Plaintiff seeks to proceed with this action, no later than twenty-eight days from the date of this order, Plaintiff may file an Amended Complaint and Amended Motion for Leave to Proceed *in forma pauperis* using her true name. The court anticipates dismissing this action without prejudice absent such filings.

SO ORDERED.

June 8, 2026                    /s/ Indira Talwani
                               INDIRA TALWANI
                               UNITED STATES DISTRICT JUDGE